**BEAUTY CENTER, INC.,**
**Plaintiff–Appellant,**

v.

**MATRIX ESSENTIALS, INC., an Ohio corporation; Patti Urban, individually; Phoenix Beauty Supply, Inc., an Arizona corporation, Defendants–Appellees.**

No. 99–16038.

D.C. No. CV–96–01081–JBR/LRL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided Jan. 5, 2001.

Before KOZINSKI, MICHAEL DALY HAWKINS and BERZON, Circuit Judges.

## MEMORANDUM *

█ No evidence supports Beauty Center's claims of civil conspiracy and conspiracy in restraint of trade. Instead, the only plausible explanation for the termination of Beauty Center's at-will contract is that defendants-appellees intended to enforce the restriction on the resale of certain products.

Beauty Center's misrepresentation, estoppel, and breach of contract claims are also without merit. Beauty Center breached the contract by offering to sell and selling Matrix products retail in sizes intended only for salon use.

█ The claim of intentional interference with prospective economic advantage fails because no evidence suggests that defendants-appellees took "[i]mproper or illegal" actions. *Las Vegas–Tonopah–Reno Stage Line, Inc. v. Gray Line Tours,* 106 Nev. 283, 792 P.2d 386, 388 n. 1 (Nev. 1990). As for the claim of intentional interference with contract, it is undisputed that Phoenix Beauty had agreed not to sell Matrix products to "any salon or individual who has in the past diverted or reasonably has been suspected of diverting" such products. The fact that Matrix asked Phoenix Beauty to honor that agreement does not amount to unlawful interference with contract.

This leaves the claim that defendants-appellees made slanderous statements about Beauty Center in connection with the termination of sales. We find Beauty Center's allegations and evidence inadequate substantially for the reasons stated by the district court.

Finally, we are troubled by Beauty Center's counsel's vehement representations that Matrix was unaware of retail gallon sales until discovery. The deposition of Patrick Anthony Munson contains the following testimony:

Q. Did you subsequently discuss [Patricia Urban's phone] call . . . ?

A. . . . 30 minutes later I got a call from Jon Hveem about it. . . .

. . .

Q. And how long between the time you spoke with Mr. Hveem did it take for you to call Patti Urban?

A. Hang up and dial.

. . .

Q. And what was your conversation with [Urban]?

A. . . . She [Urban] says, ". . . *You can't sell gallons. They are marked 'Not for Retail Sale' so you're not allowed to sell them.*" I said, "This is news to me. We've never heard that before." She goes, "Well, it's in your agreement." And I said, " . . . I had no idea that we were violating any kind of agreement. . . . We've sold gallons before."

Excerpts of Record at 400–01 (emphasis added). Placed in context, Munson's admission to having previously sold gallon containers could only refer to retail sales. Counsel's repeated assertions that Matrix did not learn of these sales until significantly later appear inconsistent with an attorney's obligation to act in good faith

---

when providing information to the court. We expect more.

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.